UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL CUNNINGHAM,

    Plaintiff,

vs.                               Case No. 3:11cv271-MCR-CJK

ERIC D. STEVENSON; SELLERS,
SKIEVASKI & STEVENSON, LLP;
MATTHEW HALE BAXTER; and GARY
MONTEE;

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MICHAEL CUNNINGHAM, sues Defendants, ERIC D. STEVENSON ("STEVENSON"), SELLERS, SKIEVASKI & STEVENSON, LLP ("the FIRM"), MATTHEW HALE BAXTER ("BAXTER"), and GARY MONTEE ("MONTEE"), and alleges:

**Jurisdiction and Venue**

1.     This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and the common law of the State of Florida.

FILED
11 JUN -7 PM 2:03
DIST. FLA.
COLA, FLA.

2. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343(3), and on the pendent jurisdiction of this Court to entertain claims under state law pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court because all of the acts complained of occurred within Escambia County, Florida.

4. All conditions precedent to the filing of this action have occurred, been performed or been waived.

### Parties

5. Plaintiff is an individual residing in Escambia County, Florida.

6. STEVENSON is a licensed Florida attorney engaged in the practice of law as a partner of the FIRM.

7. The FIRM is a Florida limited liability partnership having its principal place of business in Escambia County, Florida.

8. BAXTER and MONTEE are Escambia County Deputy Sheriffs and are sued in their individual capacities.

### Facts

9. On or about June 8, 2007, Plaintiff was fishing on the Pensacola Beach Pier. At that time, Plaintiff observed two other fishermen to get their fishing lines entangled with one another, resulting in an argument.

10. The Pensacola Beach Pier management called law enforcement, who dispatched BAXTER and MONTEE to the scene.

11. Notwithstanding that Plaintiff had committed no crime and was not a party to the dispute over the entangled fishing lines, the pier management insisted and BAXTER and MONTEE ordered that Plaintiff, together with Christopher Hitt - one of the persons whose fishing line had become entangled - had to leave the fishing pier.

12. While leaving the pier, Plaintiff asked if he and Mr. Hitt could meet BAXTER and MONTEE at their station to make a report about what had occurred prior to BAXTER'S and MONTEE'S arrival. Specifically, Plaintiff and Mr. Hitt wished to provide statements concerning a criminal assault upon Mr. Hitt by the second fisherman.

13. MONTEE informed Plaintiff that would be fine.

14. Nevertheless, upon the arrival of Plaintiff and Mr. Hitt at the station, BAXTER and MONTEE refused to take any statement, and informed Plaintiff and Mr. Hitt that they considered the matter closed.

15. Plaintiff then indicated he wished to make a formal complaint concerning BAXTER'S and MONTEE'S inaction.

16. BAXTER and MONTEE failed or refused to permit Plaintiff to make a complaint and threatened Plaintiff and Mr. Hitt that they would be arrested if they did not leave.

17. BAXTER and MONTEE followed Plaintiff and Mr. Hitt out into the parking lot.

18. While following them, MONTEE loudly claimed to have over 31 years of experience as a law enforcement officer.

19. Plaintiff replied by reaffirming his intention to make a formal complaint concerning BAXTER'S and MONTEE'S inaction.

20. At that point, MONTEE directed BAXTER to handcuff Plaintiff.

21. BAXTER then handcuffed Plaintiff, informed him he was under arrest, transported him to the county jail, and submitted a sworn statement accusing Plaintiff of criminal conduct, to wit: having trespassed in a structure in violation of Florida Statutes § 810.08(2)(a), and having resisted an officer or obstructed justice in violation of Florida Statutes § 843.02.

22. At all times material hereto, BAXTER and MONTEE were responsible to be knowledgeable concerning, and to conduct themselves within the bounds of, the laws restricting their right to effect arrests of citizens.

23. The aforementioned arrest of Plaintiff was unlawful in that it was not supported by probable cause, warrant, or other lawful basis.

24. At all times material hereto, BAXTER and MONTEE acted within the scope of their employment with, and in furtherance of the interests of the County of Escambia, Florida.

25. Plaintiff proceeded to trial on the criminal allegations and at the close of the State's evidence, the presiding judge granted Plaintiff's motion for judgment of acquittal.

## COUNT I
## PROFESSIONAL NEGLIGENCE
## AGAINST STEVENSON AND THE FIRM

26. Plaintiffs re-allege and incorporate paragraphs 1 through 25 above as though fully set forth herein.

27. As a consequence of the foregoing, Plaintiff had a legal right pursuant to Florida Statutes § 768.28 to compensation from the County of Escambia, Florida, for the tortious conduct of BAXTER and MONTEE.

28. At all times material hereto, STEVENSON and the FIRM were duly licensed to engage in the practice of law and held themselves out to the public generally and Plaintiff particularly to possess that ordinary degree of education, knowledge, and experience as to qualify them to act as legal representatives for Plaintiff in a cause of action for damages.

29. Plaintiff, relying on said representations, entered into a written contract with STEVENSON and the FIRM for legal representation in his claim against the County of Escambia, Florida.

30. STEVENSON and the FIRM subsequently undertook legal representation of Plaintiff in the aforementioned dispute, thereby assuming duties of diligence and exercise of professional skill in the matter.

31. STEVENSON and the FIRM negligently and carelessly failed to perform their duties as attorneys for the Plaintiff in the following particulars: they failed to timely comply with the notice requirements of Florida Statutes § 768.28.

32. As a direct and proximate result of the foregoing described conduct of STEVENSON and the FIRM, Plaintiff suffered the following compensable injuries and damages:

   a. Loss of right to compensation from the County of Escambia, Florida, for the tortious conduct of BAXTER and MONTEE upon Plaintiff; and

   b. Loss of satisfaction of legal vindication against the County of Escambia, Florida.

33. Plaintiff's foregoing described injuries and damages were the reasonably foreseeable result of STEVENSON'S and the FIRM'S negligent conduct described above.

**WHEREFORE** Plaintiffs demand trial by jury and judgment against Defendants STEVENSON and the FIRM for compensatory damages, costs of suit, and such other relief as this Court deems just.

## COUNT II
## VIOLATION OF CIVIL RIGHTS - 42 U.S.C. §1983
## AGAINST BAXTER and MONTEE

34. Plaintiffs re-allege and incorporate paragraphs 1 through 25 above as though fully set forth herein.

35. At all times material hereto, and in all of their acts described herein, the Defendants acted under color of the statutes, customs, ordinances, and usage of the State of Florida; the County of Escambia, Florida; and the Escambia County Sheriff's Office.

36. Plaintiff's arrest violated his clearly established and well-settled constitutional rights.

37. As a direct and proximate result of the foregoing described conduct of BAXTER and MONTEE, Plaintiff suffered the following compensable injuries and damages:

    a. Loss of liberty;

    b. Physical discomfort;

    c. Emotional trauma and suffering; and

    d. Expenses of bail bond services.

38.     As a further direct and proximate result of the foregoing described conduct of BAXTER and MONTEE, Plaintiff has been compelled to retain the services of counsel, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.

39.     Plaintiff's foregoing described injuries and damages were the reasonably foreseeable result of the constitutional violation described above.

**WHEREFORE** Plaintiffs demand trial by jury and judgment against BAXTER and MONTEE for compensatory and punitive damages, costs, attorneys' fees and such other relief as this Court deems just.

Respectfully submitted,

*/s/ Michael Cunningham*
MICHAEL CUNNINGHAM
1809 Condor Drive
Cantonment, Florida  32533

```
Court Name: District Court
Division: 3
Receipt Number: FLN300005177
Cashier ID: tluce
Transaction Date: 06/07/2011
Payer Name: MICHAEL CUNNINGHAM
------------------------------------
CIVIL FILING FEE
 For: MICHAEL CUNNINGHAM
 Case/Party: D-FLN-3-11-CV-000271-001
 Amount:         $350.00
------------------------------------
CASH
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

3:11CV271-MCR-CJK  MICHAEL
CUNNINGHAM v STEVENSON et al

$350.00 CIVIL FF

Note: Returned check fee is $45
```