UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL CUNNINGHAM,

    Plaintiff,

vs.
        CASE NO.: 3:11CV271-MCR-CJK

ERIC D. STEVENSON; SELLERS
SKIEVASKI & STEVENSON, LLP;
MATTHEW HALE BAXTER; and
GARY MONTEE;

    Defendants.
_____/

DEFENDANTS BAXTER AND MONTEE'S
ANSWER AND AFFIRMATIVE DEFENSES

COME NOW Defendants, MATTHEW HALE BAXTER and GARY MONTEE, in their individual capacities, by and through undersigned counsel, and file their Answer and Affirmative Defenses to Plaintiff's Complaint. More specifically, Defendants BAXTER and MONTEE would aver as follows:

JURISDICTION AND VENUE

1. Admitted for jurisdictional purposes only.

2. Admitted for jurisdictional purposes only.

3. Admitted for jurisdictional purposes only.

4. Denied.

PARTIES

5. Admit.

6. Without knowledge; therefore, denied.

7. Without knowledge; therefore, denied.

8. Admit.

## FACTS

9. Denied.

10. Without knowledge; therefore, denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Without knowledge; therefore, denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Admit.

22. Admit.

23. Denied.

24. Admit that Defendants Baxter and Montee acted within the scope of their employment. The remainder of this allegation is denied.

25. Admit.

## COUNT I
## PROFESSIONAL NEGLIGENCE
## AGAINST STEVENSON AND THE FIRM

26 - 33.   Defendants MONTEE and BAXTER are not party defendants to this Claim.  Accordingly, they do not respond to the allegations as contained therein.

## COUNT II
## VIOLATION OF CIVIL RIGHTS – 42 U.S.C. §1983
## AGAINST BAXTER and MONTEE

34.   The Defendants incorporate their responses to paragraphs 1- 25 as if fully set forth herein.

35.   Admit.

36.   Denied.

37.   Without knowledge; therefore, denied.

38.   Denied.

39.   Denied.

## AFFIRMATIVE DEFENSES

### *FIRST AFFIRMATIVE DEFENSE*

As a First Affirmative Defense, at all times pertinent hereto, Defendants BAXTER and MONTEE were acting within the scope of their employment as Deputy Sheriffs, employed by the Sheriff of Escambia County, Florida, and were not violating a clearly established law of which a reasonable deputy would be aware.  Thus, Defendants BAXTER and MONTEE are entitled to qualified immunity in their individual capacities.

### *SECOND AFFIRMATIVE DEFENSE*

As a Second and separate Affirmative Defense, Defendants BAXTER and MONTEE, at

all times relevant hereto, acted reasonably within the scope of their employment and with the good faith belief that their actions were lawful and proper.

### THIRD AFFIRMATIVE DEFENSE

As a Third and separate Affirmative Defense, probable cause existed as a matter of law and fact for the arrest in the complaint.

### FOURTH AFFIRMATIVE DEFENSE

As a Fourth and separate Affirmative Defense, actions attributable to Defendants BAXTER and MONTEE, if any, at worst constitute mere negligence which fails to state a claim for violation of an individual's civil or constitutional rights under 42 U.S.C. § 1983.

**WHEREFORE**, having fully answered the Complaint, Defendants BAXTER and MONTEE invoke their right to trial by jury.

Respectfully submitted this 17th day of October 2011.

> */s/ Lisa Truckenbrod*
> LISA TRUCKENBROD
> Florida Bar No. 132055
> JOLLY & PETERSON, P.A.
> Post Office Box 37400
> Tallahassee, FL 32315
> Telephone: 850-422-0282
> Facsimile: 850-422-1913
> *Attorneys for Defendants Baxter and Montee*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to Michael Cunningham, 1809 Condor Drive, Cantonment, Florida  32533, this 17th day of October 2011.

> */s/ Lisa Truckenbrod*
> LISA TRUCKENBROD